UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ZAKI,

        Petitioner,         Case No. 14-cv-13511
                                    Hon. Matthew F. Leitman

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Scott Zaki, currently confined at the St. Clair County Intervention and Detention Center in Port Huron, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner challenges his ongoing federal criminal prosecution, *United States v. Zaki*, No. 14-cr-20281, which is presently pending before the Honorable Victoria A. Roberts in this Court. Petitioner is represented by counsel in that proceeding. In the petition, he argues that the indictment issued by the grand jury is deficient. He seeks release from custody and dismissal of the indictment.

I.

Rule 4, Rules Governing Section 2254 Cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. Because the claims raised in the petition are not properly raised in a § 2241 petition at this time, the Court will dismiss the proceeding without prejudice.

II.

Petitioner was indicted on May 15, 2014, with a charge of conspiracy to possess with intent to distribute methylone, 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(C). The criminal trial is scheduled to commence on January 20, 2015. Petitioner argues that the indictment is based upon a factually insufficient affidavit and he seeks habeas relief on that basis.

This is the second § 2241 habeas petition filed by Petitioner in the span of two months. The first petition, assigned to the Honorable Thomas L. Ludington, concerned the same criminal proceeding at issue in the pending petition and raised essentially the same claim raised in this petition. That petition was summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases, because:

> [I]t is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *See Jones v. Perkins*, 245 U.S. 390, 391 (1981) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.") . . . Petitioner's claim that the indictment is defective would be dispositive of his pending federal criminal charge and must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available. *See Sandles v. Hemingway*, 22 F. App'x 557 (6th Cir. 2001). Petitioner therefore cannot challenge his pending federal prosecution in his current habeas petition.

*Zaki v. United States*, No. 14-12884, 2014 WL 4315044 *1 (E.D. Mich. Sept. 2, 2014).

The posture of the criminal case has not changed since Judge Ludington summarily dismissed Petitioner's first petition. The charges remain pending and Petitioner awaits trial. Therefore, for the same reasons Petitioner's previous § 2241 petition was dismissed, the Court dismisses the present petition. Because the claim raised in the petition will not be decided on the merits, the Court's dismissal of this action should not prejudice Petitioner's ability to raise his claim in an

appropriate setting, *e.g.*, in his criminal case. The dismissal, accordingly, will be without prejudice.

### III.

Accordingly, for the foregoing reasons, the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 1, 2014


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 1, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
